UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Cause No. | 1:07-cr-0032-01 (B/F) |
| | ) | | |
| JESSICA NEWBERRY, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, on July 26, 2011, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on July 25, 2011, and to submit to Judge Barker proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on October 3, 2011, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1] Ms. Newberry appeared in person and by appointed counsel, Mike Donahoe, Office of Indiana Federal Community Defender; the government appeared by Winfield Ong, Assistant United States Attorney; and Troy Adamson, U. S. Parole and Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Mike Donahoe, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Ms. Newberry in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Ms. Newberry and her counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Ms. Newberry was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the pending Petition.

4. That Ms. Newberry would have a right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Ms. Newberry had the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Ms. Newberry had violated the alleged condition or conditions of supervised release set forth in the Petition, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation on July 25, 2011.

7. Mr. Donahoe stated that Jessica Newberry would stipulate there is a basis in fact to hold her on the specifications of violations of supervised release set forth in the Petition. Ms. Newberry waived, in writing, the preliminary examination and she was held to answer.

8. Ms. Newberry, by counsel, stipulated that she committed specifications of violations set forth as to violations numbered 1 and 2, but not as to violations numbered 3 and 4 in the Petition. The government moved to strike violations numbered 3 and 4 and the Court **GRANTED** same. The violations admitted to are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer."** |
| | On May 24, 2010, the probation officer encountered the offender at her residence with Amber Giselbach, a convicted felon. Ms. Giselbach has been convicted in Madison County, In, of the following felony offenses: Dealing in Cocaine; Attempted Dealing in Cocaine; Possession of Precursors; and Dealing in Methamphetamine. |
| 2 | **"The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court."** |
| | On June 7, 2010, the offender reported to the probation officer she had been working as an informant for the Madison County Drug Task Force for the past three months. The offender admitted negotiating and participating in several controlled buys of both OxyContin and Methamphetamine. The probation officer contacted the Drug Task Force and confirmed she had been working as an informant. The offender did not have permission to work as an informant and was informed by this officer to cease all informant activities. |

The Court placed Ms. Newberry under oath and directly inquired of Ms. Newberry whether she admitted violations of the specifications of her supervised release set forth above. Ms. Newberry stated that she admitted the above violations of her supervised release as set forth above. The Court now finds there is a basis in fact for her admissions and accepts same.

Counsel for the parties further stipulated to the following:

1) Ms. Newberry has a relevant criminal history category of VI, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Ms. Newberry constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Ms. Newberry is 6-12 months.

4) The parties did not agree as to the appropriate disposition for Ms. Newberry's violations of the conditions of supervised release.

9. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court, having heard the evidence and/or arguments of the defendant and her counsel, and the government, now finds that Ms. Newberry violated the specified conditions of supervised release as set forth above in the Petition to Revoke her supervised release.

Ms. Newberry's supervised release is therefore **REVOKED** and she is sentenced to the custody of the Attorney General or his designee for a period of eight months. The Court recommends to the Bureau of Prisons that Ms. Newberry be designated to the Federal Correctional Institution in Spartanburg, South Carolina. Upon the conclusion of her confinement, defendant will be subject to five years of supervised release.

The Magistrate Judge requests that Troy Adamson, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Ms. Newberry stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Ms. Newberry entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Ms. Newberry's supervised release and the sentence imposed of eight months in the custody of the Attorney General or his designee. It is recommended that the defendant be designated to the federal correctional facility nearest to Indianapolis, Indiana. Upon release from confinement, defendant will be subject to five years of supervised release.

IT IS SO RECOMMENDED this 3rd day of October, 2011.

Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Winfield Ong,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Mike Donahoe,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal